USDC SCAN INDEX SHEET










BAR   4/9/04    9:54
3:02-CV-02227   MICKLE V. GLOCK INC
*60*
*ANS.*

FILED

04 APR -8 PM 4:20

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  Michael I. Neil, Esq. (SBN 40057)
   **NEIL, DYMOTT, PERKINS, BROWN & FRANK**
2  A Professional Corporation
   1010 Second Avenue, Suite 2500
3  San Diego, CA 92101-4906
   Telephone:  (619) 238-1712
4  Facsimile:  (619) 238-1562

5

6  John F. Renzulli, Esq. (ADMITTED *PRO HAC VICE*)
   Christopher Renzulli, Esq. (ADMITTED *PRO HAC VICE*)
7  **RENZULLI, PISCIOTTI & RENZULLI, LLP**
   300 East 42nd Street
8  New York, NY 10017-5947
   Telephone:  (212) 599-5533
9  Facsimile:  (212) 599-6385

10 Attorneys for Defendants, GLOCK GES.M.B.H. AND GASTON GLOCK

12                    UNITED STATES DISTRICT COURT

13                   SOUTHERN DISTRICT OF CALIFORNIA

14 
   WILLIAM MICKLE and AUTUMN      )   CASE NO. 02 CV 2227JAH (BLM)
15 MICKLE,                         )
                                   )   **ANSWER OF GLOCK Ges.m.b.H. AND**
16              Plaintiffs,        )   **GASTON GLOCK TO COMPLAINT AND**
                                   )   **DEMAND FOR JURY TRIAL**
17 vs.                             )
18                                 )
   GLOCK, INC., a Georgia Corporation )
19 licensed to do business in California; )
   GLOCK GES.M.B.H., an Austrian   )
20 Corporation; and Gaston Glock, an )
   individual; and DOES 1-50,      )
21                                 )
                Defendants.        )
22                                 )

23

24      Pursuant to Federal Rule of Civil Procedure 12, Defendants, Glock Ges.m.b.H. and Gaston

25 Glock (hereafter "Defendants"), by and through their attorneys of record, hereby submits this answer

26 to Plaintiffs, William Mickle and Autumn Mickle's ( collectively "Plaintiffs") Complaint. Defendants

27 respond to the allegations *in seriatim*.

28

-1-

02 CV 2227JAH (BLM)

## ANSWER TO FIRST CAUSE OF ACTION

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint and on that basis deny said allegations.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint and on that basis deny said allegations.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint and on that basis deny said allegations.

4. Defendants deny the allegations in Paragraph 4 of the Complaint as to Glock Ges.m.b.H. and Gaston Glock. With respect to the other defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint and on that basis deny said allegations.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint and on that basis deny said allegations.

6. Defendants admit that defendant Glock, Inc. is a Georgia Corporation with its principal place of business in Smyna, Georgia. Defendants neither admit nor deny the allegations in Paragraph 6 that call for a legal conclusion and refer questions of law to the Court.

7. Defendants admit that defendant Glock Ges.m.b.H. is an Austrian Corporation with its principal place of business in Austria. Defendants deny all remaining allegations in Paragraph 7 and refer all questions of law therein to this Honorable Court.

8. Defendants admit that Gaston Glock is an adult citizen of Austria. Defendants deny all remaining allegations in Paragraph 8 and refer all questions of law therein to this Honorable Court.

9. Glock Ges.m.b.H. admits that it has manufactured Glock Model 19 semi-automatic pistols. Gaston Glock denies that he manufactured the Glock Model 19 semi-automatic pistol.

Defendants deny all remaining allegations in Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint and on that basis deny said allegations.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint and on that basis deny said allegations and refer questions of law to Court. Defendants deny all allegations of "careless and negligent conduct" on the part of Glock Ges.m.b.H. and Gaston Glock.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint and on that basis deny said allegations and refer questions of law to Court. Defendants deny all allegations of "misconduct" on the part of Glock Ges.m.b.H. and Gaston Glock.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint and on that basis deny said allegations and refer questions of law to Court. Defendants deny all allegations of misconduct on the part of Glock Ges.m.b.H. and Gaston Glock.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint and on that basis deny said allegations and refer questions of law to Court. Defendants deny all allegations of misconduct on the part of Glock Ges.m.b.H. and Gaston Glock.

**ANSWER TO SECOND CAUSE OF ACTION**

15. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 14 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint and on that basis deny said allegations.

17. Defendant Glock Ges.m.b.H. admits that it manufactured and sold Glock Model 19 semi-automatic pistols. Defendant Gaston Glock denies that he manufactured and sold Glock Model 19 semi-automatic pistols. Defendants deny all the remaining allegations in Paragraph 17 as to Glock Ges.m.b.H. and Gaston Glock.

18. Defendants deny the allegations in Paragraph 18 of the Complaint and refer all questions of law raised therein to this Honorable Court.

19. Defendants deny the allegations in Paragraph 19 of the Complaint and refer all questions of law raised therein to this Honorable Court.

20. Defendants deny the allegations in Paragraph 20 of the Complaint and refer all questions of law raised therein to this Honorable Court.

21. Defendants deny the allegations in Paragraph 21 of the Complaint and refer all questions of law raised therein to this Honorable Court.

## ANSWER TO THIRD CAUSE OF ACTION

22. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 21 of the Complaint and refer all questions of law raised therein to this Honorable Court.

23. Defendant Glock Ges.m.b.H. admits that it manufactured products. Defendant Gaston Glock denies that he manufactured products. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 23 of the Complaint and on that basis deny said allegations.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint and on that basis deny said allegations. Defendant Glock Ges.m.b.H. specifically denies that any of its products are of "unsafe quality."

25. Defendants deny the allegations in Paragraph 25 of the Complaint and refer all questions of law raised therein to this Honorable Court.

26. Defendants deny the allegations in Paragraph 26 of the Complaint and refer all questions of law raised therein to this Honorable Court.

27. Defendants deny the allegations in Paragraph 27 of the Complaint and refer all questions of law raised therein to this Honorable Court.

28. Defendants deny the allegations in Paragraph 28 of the Complaint and refer all questions of law raised therein to this Honorable Court.

## ANSWER TO FOURTH CAUSE OF ACTION

29. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 28 of the Complaint.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint and on that basis deny said allegations.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint and on that basis deny said allegations.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint and refer all questions of law raised therein to this Honorable Court.

34. Defendants deny the allegations of Paragraph 34 of the Complaint and refer all questions of law raised therein to this Honorable Court.

35. Defendants deny the allegations of Paragraph 35 of the Complaint and refer all questions of law raised therein to this Honorable Court.

### ANSWER TO FIFTH CAUSE OF ACTION

36. Defendants reallege and incorporate by their responses to Paragraphs 1 through 35 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint and refer all questions of law raised therein to this Honorable Court.

38. Defendants deny the allegations of Paragraph 38 of the Complaint and refer all questions of law raised therein to this Honorable Court.

39. Defendants deny the allegations of Paragraph 39 of the Complaint and refer all questions of law raised therein to this Honorable Court.

40. Defendants deny the allegations of Paragraph 40 of the Complaint and refer all questions of law raised therein to this Honorable Court.

41. Defendants deny the allegations of Paragraph 41 of the Complaint and refer all questions of law raised therein to this Honorable Court.

42. Defendants deny the allegations of Paragraph 42 of the Complaint and refer all questions of law raised therein to this Honorable Court.

### ANSWER TO SIXTH CAUSE OF ACTION

43. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 42 of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint and refer all questions of law raised therein to this Honorable Court.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint and refer all questions of law raised therein to this Honorable Court.

47. Defendants deny the allegations of Paragraph 47 of the Complaint and refer all questions of law raised therein to this Honorable Court.

48. Defendants deny the allegations of Paragraph 48 of the Complaint and refer all questions of law raised therein to this Honorable Court.

49. Defendants deny the allegations of Paragraph 49 of the Complaint and refer all questions of law raised therein to this Honorable Court.

## ANSWER TO SEVENTH CAUSE OF ACTION

50. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 49 of the Complaint.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51 of the Complaint and on that basis deny said allegations.

52. Defendants deny the allegations of Paragraph 52 of the Complaint and refer all questions of law raised therein to this Honorable Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

53. Defendants assert that this Court lacks personal jurisdiction over them.

### SECOND AFFIRMATIVE DEFENSE

54. Defendants state that Plaintiffs are barred from recovery against Glock Ges.m.b.H. and Gaston Glock based on the improper service of summons and complaint on Glock Ges.m.b.H. and Gaston Glock.

///

### THIRD AFFIRMATIVE DEFENSE

55. Defendants state that Plaintiffs are barred from recovery against Glock Ges.m.b.H. and Gaston Glock based on the insufficiency of process.

### FOURTH AFFIRMATIVE DEFENSE

56. Defendants state that Plaintiffs' Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### FIFTH AFFIRMATIVE DEFENSE

57. Defendants state that each of Plaintiffs' causes of action in the Complaint are barred by the applicable statutes of limitations, including those provided in the California Code of Civil Procedure, including but not limited to sections 337(1) - (3), 338, 339, 340(1) - (5) and 343, thereby depriving this Court of jurisdiction and/or barring recovery of any damages.

### SIXTH AFFIRMATIVE DEFENSE

58. Defendants state on information and belief that any damages suffered by Plaintiffs were proximately caused, in whole or in part, by the failure of Plaintiffs to exercise reasonable care under the circumstances and therefore Plaintiffs' recovery, if any, must be diminished by the proportion of the negligence of Plaintiffs which proximately caused or contributed to Plaintiffs' alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

59. Defendants state on information and belief that any damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants. Therefore, should Defendants be found liable to Plaintiffs as a result of the incident alleged in the Complaint, the amount of Plaintiffs' recovery, if any, should be no greater than an amount which is equal to Defendants' proportionate share, if any, of the combined negligence or other actionable conduct of those persons or entities whose negligence or other actionable conduct

proximately caused Plaintiffs' alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

60. Defendants state on information and belief that at the time and place of the incident described in the Complaint, and prior thereto, Plaintiffs had knowledge of the specific risks and hazards involved in the use and operation of firearms, and knew and appreciated the magnitude and risk of serious injury potentially involved in such activities. Notwithstanding this knowledge, Plaintiffs voluntarily acted in a manner known by Plaintiffs to be contrary to the instructions and warnings of Defendants and others, and in a manner contrary to common sense and good judgment, thereby assuming the primary risk of injury. Plaintiffs, therefore, are barred and precluded from any recovery from Defendants.

## NINTH AFFIRMATIVE DEFENSE

61. Defendants state on information and belief that Plaintiffs have failed to mitigate their damages, if any, suffered as a result of the incident set forth in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

62. Defendants state on information and belief that any damages suffered by Plaintiffs were a direct and proximate result of product misuse.

## ELEVENTH AFFIRMATIVE DEFENSE

63. Defendants state on information and belief that any damages suffered by Plaintiffs were a direct and proximate result of product abuse.

## TWELFTH AFFIRMATIVE DEFENSE

64. Defendants state on information and belief that any damages suffered by Plaintiffs were a direct and proximate result of product alteration.

///

## THIRTEENTH AFFIRMATIVE DEFENSE

65. Defendants state on information and belief that any damages suffered by Plaintiffs were a direct and proximate result of a superseding and intervening cause(s).

## FOURTEENTH AFFIRMATIVE DEFENSE

66. Defendants state on information and belief that Plaintiffs did not rely on the advice, judgment and/or skill of Defendants in making use of the alleged product of the Defendant Glock Ges.m.b.H.

## FIFTEENTH AFFIRMATIVE DEFENSE

67. Defendants state on information and belief that Plaintiffs' claims for breach of warranty are barred due to the failure of Plaintiffs, or anyone else, to give prompt and reasonable notice to Defendant Glock Ges.m.b.H. of any alleged breach of warranty.

## SIXTEENTH AFFIRMATIVE DEFENSE

68. Defendants state on information and belief that because of Plaintiffs' negligent and/or improper conduct, acts and/or omissions, Plaintiffs are estopped from claiming the damages alleged against Defendants in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

69. Defendants' liability, if any, for Plaintiffs' non-economic damages shall be allocated to Defendants only in direct proportion to Defendants' proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' non-economic damages in accordance with California Civil Code sections 1431-1431.5.

///

///

///

## EIGHTEENTH AFFIRMATIVE DEFENSE

70. Defendants state on information and belief that Plaintiffs are barred from recovering against Defendants because Plaintiffs and/or Plaintiffs' agents have not properly maintained evidence and are guilty of spoliation of evidence because they have lost, destroyed, covered over, misplaced, altered, modified, failed to preserve and hindered Defendants' access to relevant and material evidence.

## NINETEENTH AFFIRMATIVE DEFENSE

71. Defendants state that Plaintiffs are barred from recovery against Defendants because the alleged injury or condition was not a foreseeable result of the use of the product in question.

**WHEREFORE,** Defendants Glock Ges.m.b.H. and Gaston Glock hereby request the following relief:

1. That Plaintiffs take nothing by their Complaint;

2. That Plaintiffs' Complaint be dismissed with prejudice on the merits;

3. That Defendants, recover costs and disbursements herein; and

4. Such other relief as the Court herein deems just and equitable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendants, Glock Ges.m.b.H. and Gaston Glock hereby demand a trial by jury.

DATED: April 8, 2004

NEIL, DYMOTT, PERKINS, BROWN & FRANK
A Professional Corporation

By: _____
Michael I. Neil, Esq.
Attorneys for Defendants,
GLOCK GES.M.B.H. AND GASTON GLOCK

RENZULLI, PISCIOTTI & RENZULLI, LLP
Christopher Renzulli, Esq.
300 East 42nd Street
New York, NY 10017-5947
Telephone: (201) 343-2005
Facsimile: (201) 343-4660

NEIL, DYMOTT, PERKINS, BROWN & FRANK
A Professional Corporation
Michael I. Neil, Esq.
State Bar Number 40057
1010 Second Avenue, Suite 2500
San Diego, California 92101-4959
Telephone: (619) 238-1712
Facsimile: (619) 238-1562

Attorneys for Defendant
GLOCK, INC.

## DECLARATION OF SERVICE BY MAIL
[C.C.P. Section 1013 and 2015.5]

### UNITED STATES DISTRICT COURT CASE NO. 02 CV 2227 JH (RBB)

<u>William Mickle, etc. vs. Glock, Inc., et al.</u>

I, the undersigned individual, declare:

That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California, in which county the within-mentioned mailing occurred. My business address is NEIL, DYMOTT, PERKINS, BROWN & FRANK APC, 1010 Second Avenue, Suite 2500, San Diego, California, 92101. I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

I caused to be served the document(s) described on the attachment hereto by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as listed on the attachment hereto. I then sealed each envelope and, with the postage thereon fully prepaid, I placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 8, 2004.

*/s/ Mona M. McKee*
Mona McKee-

Attachment to Proof of Service by Mail:

Documents Served:

ANSWER OF GLOCK Ges.m.b.H. AND GASTON GLOCK TO COMPLAINT AND DEMAND FOR JURY TRIAL;

Parties Served:

Dwight R. Ritter, Esq.
LAW OFFICES OF
DWIGHT R. RITTER
170 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiffs
WILLIAM MICKLE and
AUTUMN MICKLE