















RYC   5/6/04   11:48

3:02-CV-02227   MICKLE V. GLOCK INC

*79*

*P/A.*

1 | Michael I. Neil, Esq. (SBN 40057)
David P. Hall, Esq. (SBN 196891)
2 | **NEIL, DYMOTT, PERKINS, BROWN & FRANK**
A Professional Corporation
3 | 1010 Second Avenue, Suite 2500
San Diego, CA 92101-4906
4 | Telephone:    (619) 238-1712
Facsimile:    (619) 238-1562
5 |

6 | John F. Renzulli, Esq. (ADMITTED *PRO HAC VICE*)
Christopher Renzulli, Esq. (ADMITTED *PRO HAC VICE*)
7 | **RENZULLI, PISCIOTTI & RENZULLI, LLP**
300 East 42nd Street 17th Floor
8 | New York, NY 10017-5947
Telephone:    (212) 599-5533
9 | Facsimile:    (212) 599-6385

10 |

Attorneys for Defendants, GASTON GLOCK and GLOCK Ges.m.b.H

11 |

**UNITED STATES DISTRICT COURT**

12 |

**SOUTHERN DISTRICT OF CALIFORNIA**

13 |

14 | WILLIAM MICKLE and AUTUMN
MICKLE,
15 |
16 |                    Plaintiffs,
17 | vs.
18 | GLOCK, INC., a Georgia Corporation
licensed to do business in California;
19 | GLOCK GES.M.B.H., an Austrian
Corporation; and GASTON GLOCK, an
20 | individual; and DOES 1-50,
21 |                    Defendants.
22 |

CASE NO. 02 CV 2227JAH (BLM)

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS FOR IMPROPER SERVICE, LACK
OF PERSONAL JURISDICTION AND
FAILURE TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED**

Date:  June 18, 2004
Time:  10:30 a.m.
Hon. John A. Houston
Ctrm:  11

FILED

04 MAY -5 PM 3: 17

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

02 CV 2227JAH (BLM)

# **TABLE OF CONTENTS**

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    PLAINTIFFS' ATTEMPTED SERVICE OF MR. GLOCK AND GLOCK
      AUSTRIA WERE INSUFFICIENT UNDER RULE 4 AND PLAINTIFFS'
      CLAIM SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(5) . . . . . . . . . . . . . 2

      A.    Plaintiff's Attempted Service did not meet the Requirements of
            Fed. R.Civ. P. 4(f)(2)(C)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.   PLAINTIFFS' CLAIMS AGAINST MR. GLOCK SHOULD BE DISMISSED
      PURSUANT TO FED.R.CIV.P. 12(B)(2) BECAUSE THIS COURT'S ASSERTION
      OF PERSONAL JURISDICTION OVER HIM WOULD VIOLATE DUE PROCESS. . . 5

      A.    The Court Lacks General Jurisdiction Over Mr. Glock. . . . . . . . . . . . . . . . . . . 6

      B.    The Court Lacks Specific Jurisdiction Over Mr. Glock. . . . . . . . . . . . . . . . . . . 7

            1.    Mr. Glock Has Not Performed Any Acts or Consummated Any
                  Transactions Within California Or Purposefully Availed Himself
                  of the Privilege of Conducting Activities in California. . . . . . . . . . . . . . . 7

            2.    Plaintiffs' Claims Do Not Arise Out Of Mr. Glock's Contacts
                  With the Forum. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            3.    The Exercise of Jurisdiction Over Mr. Glock is Unreasonable. . . . . . . . . . 9

                  a.    Defendant's Purposeful Interjection. . . . . . . . . . . . . . . . . . . . . . . 9

                  b.    Defendant's Burden in Litigating in California. . . . . . . . . . . . . . . 10

                  c.    Conflicts with Other Sovereigns. . . . . . . . . . . . . . . . . . . . . . . . . 10

                  d.    The Forum State's Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

                  e.    Efficient Resolution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

                  f.    Convenient and Effective Relief for Plaintiff. . . . . . . . . . . . . . . . 12

                  g.    Alternative Forum. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

III.  PLAINTIFFS' CLAIMS AGAINST MR. GLOCK MUST BE DISMISSED
      PURSUANT TO FED. R.CIV P. 12(b)(6) BECAUSE THEY FAIL TO STATE
      A CLAIM AGAINST HIM ON WHICH RELIEF CAN BE GRANTED. . . . . . . . . . . . . 13

      A.    Allegations in Plaintiff's Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      B.    Plaintiff's Causes of Action Against Mr. Glock Fail to State a Claim
            Upon Which Relief can be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

02 CV 2227JAH (BLM)

# TABLE OF AUTHORITIES

<u>Federal Statutes</u>

U.S. Const. amend XIV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

Federal Rule of Civil Procedure 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2/3/4

Federal Rule of Civil Procedure 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5/

<u>Federal Case Law</u>

<u>Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,</u>
       480 U.S. 102, 115 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

<u>Ballard v. Savage,</u> 65 F.3d 1495 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

<u>Bancroft & Masters, Inc. v. Augusta National, Inc.,</u> 223 F.3d 1082 (9th Cir. 2000) . . . .    6/7/8

<u>Beecher v. Wallace,</u> 381 F.2d 372 (9th Cir. 1967). . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

<u>Brand v. Menlove Dodge,</u> 796 F.2d 1070 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . .    6

<u>Burger King Corp. v. Rudzewicz,</u> 471 U.S. 476 (1985). . . . . . . . . . . . . . . . . . . . . . . . .    9

<u>Caruth v. International Psychoanalytical Association,</u> 59 F.3d 126 (9th Cir. 1995). . . .    9/11

<u>Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.,</u>
       828 F.2d 1439 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10/12

<u>Figi Graphics, Inc. v. Dollar Gen. Corp.,</u> 33 F.Supp.2d 1263 (S.D.Cal. 1998). . . . . . . .    7

<u>Flynt Distributing Co. v. Harvey,</u> 734 F.2d 1389 (9th Cir. 1984). . . . . . . . . . . . . . . . .    6

<u>G & H Partners v. Boer Goats International Ltd.,</u> 896 F. Supp. 660 (W.D. Tex. 1995) . .    4

<u>Gordy v. Daily News, L.P.,</u> 95 F.3d 829 (9th Cir.1996). . . . . . . . . . . . . . . . . . . . . . . . .    6/11

<u>In re Ski Train Fire in Kaprun, Austria on November 11, 2000,</u>
       2003 WL 1807148 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4/5

<u>Insurance Co. of North Am. v. Marina Salina Cruz,</u> 649 F.2d 1266 (9th Cir. 1981). . . . .    9/10

<u>International  Shoe Co. v. Washington,</u> 326 U.S. 310 (1945). . . . . . . . . . . . . . . . . . . . . .    6

<u>Jung v. Neschis,</u> 2003 WL 1807202 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . . . . . . . . . . .    2

Lampe v. Xouth, Inc., 952 F.2d 697, 702 (3rd Cir. 1992) . . . . . . . . . . . . . . . . . . . . . .    4

MacConnell v. Schwamm, 2000 WL 1409758 (S.D.Cal. 2000). . . . . . . . . . . . . . . . .    6

Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325 (9th Cir. 1985). . . .    11

Panavision International v. Toeppen, 141 F.3d 1316 (9th Cir. 1998). . . . . . . . . . . . . . .    6/7/8

Prewitt Enterprises v. OPEC, 353 F.3d 916 (11th Cir. 2003). . . . . . . . . . . . . . . . . . . . .    4

Resource Ventures, Inc. v. Resources Management International., Inc.,
      42 F.Supp.2d 423 (D. Del. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

Rio Props., Inc. v. Rio International Interlink, 284 F.3d 1007 (9th Cir. 2002). . . . . . . . .    9

Richards v. Harper, 864 F.2d 85 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

Rocke v. Canadian Auto. Sport Club, 660 F.2d 395 (9th Cir. 1981). . . . . . . . . . . . . . .    12

Schwartz v. Pilsbury, Inc., 969 F.2d 840 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . .    14

Sheppard v. Glock, Inc., 176 F.R.D. 471, 476 (E.D. Penn. 1997) . . . . . . . . . . . . . . . . .    5

Sinatra v. National Enquirer, Inc., 854 F.2d 1191 (9th Cir. 1988). . . . . . . . . . . . . . . . .    9/12

Umbenhauer v. Woog, 969 F.2d 25, 32-33 (3rd Cir. 1992) . . . . . . . . . . . . . . . . . . . . . .    4

World-Wide Volkswagon Corp v. Woodson, 444 U.S. 286 (1980). . . . . . . . . . . . . . . .    6/10

Yahoo! Inc. v. La Ligue Contre Le Racisme Et., L'Antisemitisme,
      145 F.Supp.2d 1168, 1173 (N.D.Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . .    6/7/8/9

**State Statutes**

Cal. Civ. Code § 410.10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

**State Case Law**

Frances T. v. Village Green Owners Assoc., 42 Cal.3d 490 (1986) . . . . . . . . . . . . . . . .    14

Merco Constr. Engineers, Inc. v. Municipal Court, 21 Cal.3d 724 (1978) . . . . . . . . . .    14

United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586 (1970) . . . . . . . . .    14

Defendants Gaston Glock ("Mr. Glock") and Glock Ges.m.b.H. ("Glock Austria") respectfully submit this memorandum of points and authorities in support of their motion to dismiss. The defendants move this Court to dismiss the complaint filed by William and Autumn Mickle on the grounds that personal jurisdiction over Mr. Glock and Glock Austria is lacking because plaintiffs' attempted service of process did not comply with Rule 4(f) and Rule 4(h) of the Federal Rules of Civil Procedure. In addition, this Court lacks personal jurisdiction over Mr. Glock because he does not have the requisite contacts with the State of California to anticipate being haled into court here. Furthermore, plaintiff's complaint fails to state a cause of action against Mr. Glock upon which relief can be granted.

## PROCEDURAL HISTORY

Plaintiffs filed a complaint in the Superior Court of California for San Diego County on September 23, 2002, naming Glock, Inc., Glock Austria and Mr. Glock as defendants. Glock, Inc. removed this case to this Court pursuant to 28 U.S.C. § 1446 on November 8, 2002 and filed an answer on November 18, 2002.

In late March 2004 plaintiffs attempted to serve Glock Austria by mailing a copy of the complaint and the state court summons, pursuant to Section 415.30 of the California Code of Civil Procedure, and seeking Acknowledgement of Receipt of Summons and Complaint. Plaintiffs also mailed a copy of the complaint and the state court summons to Mr. Glock at this time, along with a notice of his deposition. Glock Austria has also previously received a copy of the complaint and state court summons in the mail at its corporate offices located in Austria, which was duly acknowledged by plaintiffs' counsel as improper. A German translation was not included with any complaint mailed to these defendants. Mr. Glock and Glock Austria filed answers to plaintiffs' complaint on April 8, 2004.

-1-

## SUMMARY OF THE ARGUMENT

Neither Mr. Glock nor Glock Austria have been properly served with process in this matter. In order to properly effectuate service of process in a foreign country, a plaintiff must comply with Federal Rule of Civil Procedure 4(f) for service on an individual and 4(h) for service on a corporation. Plaintiffs' failure to comply with the requirements for service of process obviates this Court's assertion of jurisdiction over both Mr. Glock and Glock Austria.

This Court does not have personal jurisdiction over Mr. Glock because he has no contacts with the State of California. To hold otherwise would offend traditional notions of fair play and substantial justice. Mr. Glock has done nothing to avail himself to jurisdiction in California. This Court, under all recognized methods of determining personal jurisdiction, cannot assert personal jurisdiction him.

## ARGUMENT

**I.     PLAINTIFFS' ATTEMPTED SERVICE OF MR. GLOCK AND GLOCK AUSTRIA WAS INSUFFICIENT UNDER RULE 4 AND PLAINTIFFS' CLAIM SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(5).**

A defendant must be properly served with process for a court to acquire personal jurisdiction over him. Jung v. Neschis, No. 01 Civ. 6993(RMB), 2003 WL 1807202 (S.D.N.Y. Apr. 7, 2003). This Court does not have personal jurisdiction over Mr. Glock or Glock Austria because they have never been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(f) governs "service upon individuals in a foreign country" and provides, in pertinent part:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents; or

-2-

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

> (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

> (B) as directed by the foreign authority in response to a letter rogatory or a letter of request; or

> (C) unless prohibited by the law of the foreign country, by

>> (i) delivery to the individual personally of a copy of the summons and the complaint; or

>> (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

> (3) by other means not prohibited by international agreement as may be directed by the Court.

Fed. R. Civ. 4(f). Rule 4(h) governs service of process on foreign corporations and refers back to Rule 4(f) for accepted methods of service, with the exception that personal service pursuant to Rule 4(f)(2)(C)(i) is not permitted. Fed. R. Civ. P. 4(h)(2).

A.    **Plaintiffs' Attempted Service did not meet the requirements of Fed. R. Civ. P. 4(f)(2)(C)(ii).**

Plaintiffs attempted to serve Mr. Glock and Glock Austria by mailing copies of the summons and complaint to them. Pursuant to Rule 4(f), the summons and complaint may be served on a foreign defendant by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served," Fed. R. Civ. P. 4(f)(2)(C)(ii), "unless prohibited by the law of the foreign country," Fed. R. Civ. P. 4(f)(2)(C). Resource Ventures, Inc. v. Resources Management International, Inc., 42 F. Supp. 2d 423, 430 (D. Del. 1999). Plaintiffs' method of service failed to satisfy the requirements of Rule 4(f)(2)(C)(ii) for two reasons:

-3-

First, the summonses and complaints were not "dispatched by the clerk of the court" as is required, but rather by the plaintiffs' attorney. Fed. R. Civ. P. 4(f)(2)(C)(ii); Fed. R. Civ. P. 4(i)(1) (1963) Advisory Committee Note (predecessor to Fed. R. Civ. P. 4(f)); Cf. Umbenhauer v. Woog, 969 F.2d 25, 32-33 (3rd Cir. 1992) (construing former Rule 4(i)); Cf. Lampe v. Xouth, Inc., 952 F.2d 697, 702 (3rd Cir. 1992) (construing former Rule 4(i)); G & H Partners v. Boer Goats International Ltd., 896 F. Supp. 660, 663 (W.D. Tex. 1995) (holding that service was improper under Fed. R. Civ. P. 4(f)(2(C)(ii) because the summons and complaint were dispatched by registered mail by the plaintiffs, not the clerk of the court); 4B Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1134 (noting that "service by mail is improper if addressed and dispatched by the plaintiff rather than by the clerk of the court").

Second, service by mail is only permitted if it is not "prohibited by the law of the foreign country." Fed. R. Civ. P. 4(f)(2)(C). Rule 4(f) precludes service of process "by signed receipt mail on a defendant in a country whose laws forbid that method of service." Cf. Umbenhauer v. Woog, 969 F.2d at 32-33 (commenting on the proposed revisions to Rule 4 that were adopted in 1993 and contain the present version of Fed. R. Civ. P. 4(f)(2(C)(ii)).

"In Austria, the direct service of foreign legal documents by foreign authorities or by private individuals without the assistance or consent of Austrian authorities is regarded as an infringement of Austria's sovereignty." In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000, No. 1428 (SAS), 01 Civ. 7342, 2003 WL 1807148, at *7 (S.D.N.Y. Apr. 4, 2003); see also Decl. of Dr. Wolfgang Moringer.

Thus, Austrian law prohibits the service of foreign legal documents upon an Austrian party by a private individual unless the assistance of a competent Austrian authority is sought through proper diplomatic channels. See Prewitt Enterprises v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003) (holding that service by international mail sent from abroad to Austria was not proper service). Service of

-4-

foreign legal documents within Austria must be effected, therefore, by letters rogatory. <u>Ski Train Fire</u>, 2003 WL 1807148, at *7; <u>see also</u> Decl. of Dr. Wolfgang Moringer. Furthermore, service of a foreign document in a foreign language "to which no <u>certified</u> German translation is attached shall only be permissible provided the recipient is willing to accept it." <u>Id</u>. No German translations were attached to the pleadings mailed to these defendants and they were rejected by these defendants. <u>See</u> Decl. of Wolfgang Moringer, Exs. A–D.

In order to satisfy Rule 4, plaintiffs were required to serve Mr. Glock and Glock Austria pursuant to Rule 4(f)(2)(B) by using letters rogatory through proper diplomatic channels. <u>See</u> <u>Ski Train Fire</u>, 2003 WL 1807202 at *7. No other manner method of service on Mr. Glock or Glock Austria is permitted by Rule 4(f).[1] <u>Sheppard v. Glock, Inc.</u>, 176 F.R.D. 471, 476 (E.D. Penn. 1997) (noting the Glock Ges.m.b.H. can only be served by letters rogatory), <u>aff'd</u>, 142 F.2d 429 (3rd Cir. 1998).

## II. PLAINTIFFS' CLAIMS AGAINST MR. GLOCK MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(2) BECAUSE THIS COURT'S ASSERTION OF PERSONAL JURISDICTION OVER HIM WOULD VIOLATE DUE PROCESS.

Although this Court does not presently have personal jurisdiction over Mr. Glock because he has never been properly served with process pursuant to Federal Rule of Civil Procedure 4(f), he also moves to dismiss the plaintiffs' complaint on the basis that this Court cannot acquire personal jurisdiction over him, even if plaintiffs were to properly serve him with process through letters rogatory at a future date.

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal of actions in which personal jurisdiction is lacking. The party seeking to invoke jurisdiction has the burden of

---

[1] Mr. Glock and Glock Austria cannot be served pursuant to Rule 4(f)(1) because Austria is not a member of the Hague Convention. <u>See Ski Train Fire</u>, 2003 WL 1807148 at *7 n.15; <u>See also</u> Decl. of Dr. Wolfgang Moringer.

1   establishing that jurisdiction exists.  <u>Flynt Distributing Co. v. Harvey</u>, 734 F.2d 1389, 1392 (9th Cir.

2   1984).  Mr. Glock is a citizen and resident of Austria.  Decl. of Mr. Glock ¶ 3.  He has no contacts with

3   the State of California.  <i>Id.</i>, at ¶¶ 6-15.  To exercise personal jurisdiction over him would offend all

4   traditional notions of fair play and substantial justice, and is therefore improper.  <u>See generally</u>, U.S.

5

6   Const. amend XIV § 2; <u>World-Wide Volkswagon Corp v. Woodson</u>, 444 U.S. 286 (1980);

7   <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945); <u>Panavision International v. Toeppen</u>, 141

8   F.3d 1316 (9th Cir.1998).

9          California's long-arm statute allows a court to exercise personal jurisdiction over a defendant to

10  the extent permitted by the Due Process Clause of the United States Constitution.  Cal. Civ. Code §

11  410.10; <u>Gordy v. Daily News, L.P.</u>, 95 F.3d 829, 831 (9th Cir.1996).  Under the Due Process Clause,

12  personal jurisdiction may be predicated upon either general or specific jurisdiction.  <u>Panavision</u>, 141

13  F.3d at 1320.  Neither general nor specific jurisdiction may be asserted here.

14

15        **A.     <u>This Court Lacks General Jurisdiction Over Mr. Glock.</u>**

16        If a nonresident defendant's contacts with the forum state are substantial or "continuous and

17  systematic," the defendant may be subject to general jurisdiction in the forum state.  <u>Yahoo! Inc. v. La

18  Ligue Contre Le Racisme Et., L'Antisemitisme</u>, 145 F. Supp. 2d 1168, 1173 (N.D. Cal. 2001). The

19  standard for establishing general jurisdiction is "fairly high," and requires that the defendant's contacts

20  be of the sort that approximate physical presence.  <u>Bancroft & Masters, Inc. v. Augusta National, Inc.</u>,

21  223 F.3d 1082, 1086 (9th Cir. 2000) citing <u>Brand v. Menlove Dodge</u>, 796 F.2d 1070, 1073 (9th Cir.

22  1986).  Even if a defendant owns property, pays taxes and maintains a mailing address within the State,

23  general jurisdiction is not necessarily proper.  <u>MacConnell v. Schwamm</u>, No. 00-CV-0439 W(LSP),

24  2000 WL 1409758, *3 (S.D.Cal. July 25, 2000).

25

26

27

28

-6-

Clearly, this Court cannot assert general jurisdiction over Mr. Glock. Mr. Glock has no contacts with California and certainly none that could be deemed "continuous and systematic." He has no contact with the State of California whatsoever. Mr. Glock is therefore not subject to general personal jurisdiction in California.

**B.    The Court Lacks Specific Jurisdiction Over Mr. Glock.**

Where a defendant is not subject to general jurisdiction, a court may assert specific jurisdiction over him depending upon the "nature and quality" of his contacts with the forum state. <u>Yahoo!</u>, 145 F. Supp. 2d at 1173. A three-part test is applied in determining whether a district court may exercise specific jurisdiction over a nonresident defendant. <u>Panavision</u>, 141 F.3d at 1320. Specific jurisdiction is evaluated by determining whether:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum,
>
> (2) the claim arises out of or results from the defendant's forum-related activities, and
>
> (3) the exercise of jurisdiction is reasonable.

<u>Bancroft & Masters</u>, 223 F.3d at 1086.

**1.    Mr. Glock Has Not Performed Any Acts or Consummated Any Transactions Within California or Purposefully Availed Himself of the Privilege of Conducting Activities in California.**

The purposeful availment requirement ensures that a nonresident defendant will not be haled into court based on random or fortuitous contacts with the forum. <u>Panavision</u>, 141 F.3d at 1320. This requirement is satisfied if the defendant "has taken deliberate action" toward the forum state. <u>Figi Graphics, Inc. v. Dollar Gen. Corp.</u>, 33 F. Supp. 2d 1263, 1266 (S.D. Cal. 1998) citing <u>Ballard v. Savage</u>, 65 F.3d 1495, 1498 (9th Cir. 1995). This can be illustrated when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state. <u>Bancroft & Masters</u>, 223 F.3d at 1087.

-7-

Mr. Glock has clearly not availed himself of the privileges of conducting any activity within California. He is an Austrian citizen and has never been a citizen of the United States. Decl. of Mr. Glock ¶¶ 3-4. He has never had an office, bank account, mailing address or telephone listing in California. *Id.*, ¶¶ 7-10. He does not conduct business in, and has never been and officer, shareholder or employee of a company that was incorporated in, or had its principal places of business in, California. *Id.*, ¶¶ 13, 15. He did not manufacture, sell, distribute or otherwise place into the stream of commerce the subject pistol referenced in the plaintiffs' complaint. *Id.*, ¶ 19. He has taken no deliberate action whatsoever toward California. Mr. Glock has in no way engaged in wrongful conduct nor has he targeted any conduct at plaintiffs. Clearly, Mr. Glock does not satisfy the purposeful availment prong of this test.

**2.      <u>Plaintiffs' Claims Do Not Arise Out of Mr. Glock's Contacts With the Forum.</u>**

The second prong of the test requires that the asserted claim arises out of the defendant's contacts with the forum. <u>Panavision</u>, 141 F.3d at 1322. This requirement is measured in terms of "but for" causation. <u>Bancroft & Masters</u>, 233 F.3d at 1088. A plaintiff must show that he would have no need for judicial intervention "but for" a defendant's forum-related activities. <u>Yahoo!</u>, 145 F. Supp. 2d at 1176.

Here, Mr. Glock has, once again, no contacts with California. <u>See generally</u> Decl. of Mr. Glock. This claim, therefore, surely does not arise out of his contacts with the forum. This claim does not satisfy the "but for" threshold because the first part of the equation is notably absent. It cannot be stated that "but for" Mr. Glock's contacts with California, this incident would not have happened. As Mr. Glock has no contacts with the State, this prong is clearly not satisfied.

///

///

### 3.    The Exercise of Jurisdiction Over Mr. Glock is Unreasonable.

Assuming plaintiffs can establish the first two prongs (which they cannot), the final issue is whether the exercise of personal jurisdiction is reasonable.    For the exercise of jurisdiction to be reasonable, it must "comport with fair play and substantial justice." Yahoo!, 145 F. Supp. 2d at 1177 citing Burger King Corp. v. Rudzewicz, 471 U.S. 476 (1985).    To evaluate the reasonableness of jurisdiction, the following factors must be examined: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Rio Props., Inc. v. Rio International Interlink, 284 F.3d 1007, 1021 (9th Cir. 2002).    "As no single factor is dispositive, a court must balance all seven." *Ibid.*

a.    Defendant's Purposeful Interjection.

The degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong.    Insurance Co. of North America v. Marina Salina Cruz, 649 F.2d 1266, 1271 (9th Cir. 1981).    The factor of purposeful interjection is analogous to the purposeful direction analysis. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1199 (9th Cir. 1988).

This factors weighs heavily in favor of Mr. Glock.    As demonstrated above, Mr. Glock took no action towards California.    In short, he did not purposefully avail himself in California.

///

///

///

///

-9-

1          b.      Defendant's Burden in Litigating in California.

2          A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness.

3    Caruth v. International Psychoanalytical Ass'n, 59 F.3d 126, 128-29 (9th Cir. 1995).

4

5                  The law of personal jurisdiction, however, is asymmetrical. The primary
                   concern is for the burden on a defendant. If the burdens of trial are too
6                  great for a plaintiff, the plaintiff can decide not to sue or, perhaps, to sue
                   elsewhere. A defendant has no such luxury. The burdens on a defendant
7                  are of particular significance if, as here, the defendant has done little to
                   reach out to the forum state.
8

9    Insurance Co. of North America, 649 F.2d at 1272. See also World-Wide Volkswagen 444 U.S. at 292

10   (Although other factors may sometimes be considered in determining whether the exercise of personal

11   jurisdiction over a defendant in a given case is reasonable, the primary concern is always the burden on

12   the defendant.)

13

14         Where the defendant "'has done little to reach out to the forum state,' the burden of defending

15   itself in a foreign forum militates against exercising jurisdiction." Federal Deposit Ins. Corp. v.

16   British-American Ins. Co., Ltd., 828 F.2d 1439, 1444 (9th Cir. 1987) citing Insurance Co. of North

17   America, 649 F.2d at 1272. The burden on a defendant is increased when he is ordered to defend

18   himself in the foreign legal system of another country. Asahi Metal Indus. Co., Ltd. v. Superior Ct. of

19   Cal., Solano County, 480 U.S. 102, 114 (1987).  The burden on Mr. Glock is significant because he is

20   a resident and citizen of Austria and no contacts with California.  This factor weighs in favor of Mr.

21

22   Glock.

23         c.      Conflicts with Other Sovereigns.

24         As a citizen and resident of Austria, this factor strongly favors Mr. Glock.  "[A] foreign nation

25   presents a higher sovereignty barrier than another state within the United States." Federal Deposit Ins.

26   Corp, 828 F.2d at 1444.  Accordingly, "[g]reat care and reserve should be exercised when extending

27   our notions of personal jurisdiction into the international field." Asahi Metal Indus., 480 U.S. at 115.

28

-10-

1  As discussed below, Austria considers service of process, which is necessary to obtain personal

2  jurisdiction over a defendant, to be a sovereign function which may only be performed by Austrian

3  authorities.  For this Court to exercise personal jurisdiction over Gaston Glock, a citizen and resident

4  of Austria who has absolutely no contacts with California, based upon plaintiffs' counsel having

5  mailed the summons and complaint to him would be a significant affront to, and substantially interfere

6  with, Austria's sovereignty.

7

8              d.      The Forum State's Interest.

9      "California maintains a strong interest in providing an effective means of redress for its

10  residents tortiously injured." Gordy, supra, 95 F.3d at 836.  California's interest in adjudicating

11  disputes between non-residents, however, is weak. Pacific Atl. Trading Co. v. M/V Main Express, 758

12

13  F.2d 1325, 1330 (9th Cir. 1985).

14      The Complaint fails to allege that either Plaintiff is a resident of California.  In fact, it appears

15  Plaintiffs are residents of, and work in, Oregon. See April 2, 2004 Decl. of Dwight Ritter in Support of

16

17  Denying Sanctions ¶ 1-2.  "[William Mickle] does not live in the San Diego area and has no reason to

18  come to the San Diego area other than for matters pertaining to this lawsuit." Id., ¶ 1.  California's

19  interest, in adjudicating this dispute in which none of the parties are citizens or residents of California,

20  if any, is weak.

21

22              e.      Efficient Resolution.

23      "This factor concerns the efficiency of the forum, particularly where the witnesses and

24  evidence are likely to be located." Caruth, 59 F.3d at 129.  Although the incident that forms the basis

25  of this case occurred in San Diego, the plaintiffs are both in Oregon, defendant Glock, Inc. is in

26  Georgia and defendants Glock Austria and Mr. Glock are in Austria.  This case therefore implicates

27

28

-11-

1    several different forums, other than California and therefore does not weigh in favor of this case

2    remaining in California.

3                 f.      Convenient and Effective Relief for Plaintiff.

4

5            Plaintiffs must demonstrate their claims could not be effectively remedied in another forum.

6    Sinatra, 854 F.2d at 1200. Although this factor by its very nature is designed to militate in favor of

7    plaintiffs, both of them presently reside in Oregon and it would appear to be more convenient for them

8    to have this case adjudicated in that state, which they could. Accordingly this factor does not weigh

9    strongly in favor of the plaintiffs because they could litigate this case is Oregon. See Rocke v.

10

11   Canadian Auto. Sport Club, 660 F.2d 395, 400 (9th Cir. 1981) (Factor does not weigh in favor of

12   plaintiff where the likelihood of recovery in another forum is not "significantly diminished.").

13                g.      Alternative Forum.

14           The final factor is the existence of an alternative forum. Plaintiffs must establish they would be

15   precluded from suing Mr. Glock outside of California. Federal Deposit Ins. Corp., 828 F.2d at 1445.

16

17   They cannot do so. Mr. Glock is a resident of Austria and, although they may not want to do so, they

18   are free to initiate litigation against him in that county.

19           Based on the above factors, even if Mr. Glock had the required minimum contacts with

20   California, which he does not, if this Court were to exercise personal jurisdiction over him, it would

21

22   offend traditional notions of fair play and substantial justice and violate his right to due process.

23           For the above reasons, Mr. Glock respectfully requests that the plaintiffs' complaint be

24   dismissed against him pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the basis

25   that this Court lacks personal jurisdiction over him.

26   ///

27

28   ///

-12-

**III.  PLAINTIFFS' CLAIMS AGAINST MR. GLOCK MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) BECAUSE THEY FAIL TO STATE A CLAIM AGAINST HIM ON WHICH RELIEF CAN BE GRANTED.**

Mr. Glock also moves to dismiss the claims against him in plaintiffs' complaint on the basis that the causes of action asserted against him fail to state a cause of action upon which relief can be granted.

**A.    Allegations in Plaintiffs' Complaint**

In their complaint, plaintiffs allege that on September 24, 2001, William Mickle, then a Special Agent with the U.S. Customs Service, while sitting in his parked vehicle, attempted to conceal his Glock Model 19 semi-automatic pistol in the waistband of his shorts when it allegedly discharged, resulting in injury to him.  Compl. ¶ 11.  Plaintiffs assert causes of action against Mr. Glock, Glock Austria, and Glock, Inc. based in negligence, products liability, breach of implied warranty, breach of express warranty, strict liability, failure to warn and loss of consortium.  Pursuant to California law, none of these causes of action state a claim against Gaston Glock upon which relief can be granted.[2]

**B. Plaintiffs' Causes of Action Against Mr. Glock Fail to State a Claim Upon Which Relief can be Granted.**

Pursuant to California law, a corporation is considered to be a separate legal entity.  Merco Constr. Engineers, Inc. v. Municipal Court, 21 Cal.3d 724, 729 (1978).  As set forth in his affidavit, Mr. Glock did not manufacture, sell, distribute or otherwise place the Glock Model 19 semi-automatic pistol referenced in plaintiffs' complaint into the stream of commerce.  Glock Aff. ¶¶ 18-20.  The actions of Glock Austria in manufacturing the subject pistol, and the actions of Glock Austria and

---

[2]Although reference is made to the affidavit of Mr. Glock in support of the motion to dismiss for failure to state a claim upon which relief can be granted, this affidavit is properly before this Court in connection with the motions to dismiss for improper service of process and lack of personal jurisdiction.  To the extent that this Court deems it necessary, because of the presence of the affidavit of Mr. Glock, Fed. R. Civ. P. 12(b) allows his motion to dismiss for failure to state a claim upon which relief can be granted to be converted to a motion for summary judgment.

-13-

1   Glock, Inc. in selling the subject pistol, cannot be imputed to Gaston Glock, who took no part in either

2   of these actions, merely because of his position with Glock Ges.m.b.H.  Frances T. v. Village Green

3   Owners Assoc., 42 Cal.3d 490, 503 (1986) ("It is well settled that corporate directors cannot be held

4   vicariously liable for the corporation's torts in which they do not participate.  Their liability, if any,

5   stems form their own tortious conduct, not from their status as directors or officers of the enterprise.");

6   United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 595 (1970) ("Directors or officers

7

8   of a corporation do not incur personal liability for torts of the corporation merely by reason of their

9   official position . . . .").  See also Schwartz v. Pilsbury, Inc., 969 F.2d 840, 843 (9th Cir. 1992).

10

11  Inasmuch as Mr. Glock neither manufactured nor sold the subject pistol, he cannot be held liable to

12  plaintiffs in this product liability action based solely on his position with Glock Austria.  To hold

13  otherwise would offend traditional notion of corporate separateness and foster unnecessary litigation.

14       For the above reasons, defendant Gaston Glock respectfully requests that the plaintiffs'

15  complaint be dismissed against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

16

17  because it fails to state a claim upon which relief can be granted.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## CONCLUSION

For the above reasons, Glock Austria and Gaston Glock respectfully request that plaintiffs' complaint be dismissed against them on the basis of improper service of process and  Mr. Glock also requests that the plaintiffs' complaint be dismissed against him on the bases that this Court lacks personal jurisdiction over him and the causes of action asserted against him therein fail to state a claim upon which relief can be granted.


DATED: May 4, 2004


**NEIL, DYMOTT, PERKINS, BROWN & FRANK**
A Professional Corporation


By: _____
   Michael I. Neil, Esq.
   David P. Hall, Esq.
   Attorneys for Defendants,
   GLOCK Ges.m.b.H. AND GASTON GLOCK

-15-

02 CV 2227JAH (BLM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Willia Mickle and Autumn,

Mickle

Plaintiff,

vs.

Glock, Inc., a Georgia Corporation

Glock Ges.m.b.H., an Austrian Corporation;

And Gaston Glock, an individual; and

Does 1- 50,

Defendants.

Civil Action No. 02 CV 2227J

## DECLARATION OF DR. WOLFGANG MORINGER

I, Dr. Wolfgang Moringer, hereby declare as follows:

1.      My name is Wolfgang Moringer. I am over 21 years of age and am competent to make this Declaration. All facts set forth herein are based on my personal knowledge. I make this Declaration freely and without duress for use in the above-captioned matter.

2.      I am an attorney at law residing and practicing in Linz, Austria, since 1977. In 1971, I earned a Doctorate Degree in Law from Universität Linz. In 1977, I earned a Degree in Social Science from the Academy of Social Science in Berlin, Germany. From 1994 to 1996, I undertook postgraduate study in European Law, earning the designation of Academically Certified Expert in European Law. Since 1995, I have been a name partner in the firm Moringer & Moser. From 1998 to 2000, I continued postgraduate studies in European Law, earning the Degree of LL.M in European Law.

3.      Austria is not a member of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Austrian law permits service of process upon an Austrian defendant by

a foreign plaintiff to be effected only according to existing international treaties or where such do not exist, the exclusive method for service of process is stated in the Austrian "Zustellgesetz" (Law on the Service of Official Papers).

    4.    Attached hereto as Exhibit A are true and correct copies of the relevant section of the Austrian "Zustellgesetz" (§ 12); and of §§ 15 – 17 of the Austrian "Erlass vom 24. Oktober 1997 über die internationale Rechtshilfe und andere Rechtsbeziehungen mit dem Ausland in Zivilsachen [RHE Ziv. 1997]" ("Directive of the Federal Minister of Justice from 1997-10-24 on International Legal Aid and other Legal Relations with Foreign Countries in Civil Cases"); ruling of the OGH from 2001-06-11, 8 ObA 201/00 t.

    5.    The legal authorities attached as Exhibit A establish that Austrian law does not permit the direct service of foreign legal documents upon an Austrian party by foreign authorities or private individuals without the assistance of a competent Austrian authority. Attempted service of judicial documents upon an Austrian party by foreign authorities or private individuals using any means not prescribed by Austrian law is legally insufficient.

    6.    The supreme court of Austria (OGH) ruled, that services of process beyond all doubt are acts iure imperii and that private persons can not execute such acts. They can be effected only by letters rogatory and their accomplishment is a sovereign act.

    7.    Therefore, based upon my experience, training, and expertise, I conclude that Austrian law prohibits the service of judicial documents upon an Austrian party by a foreign legal authority unless the assistance of a competent Austrian authority is sought though proper diplomatic channels.

Dated: This 13th day of April, 2004

Dr. Wolfgang Moringer

2

Translation from German

Statute on Service of Process

BGBl. [Federal Law Gazette] No. 200/1982, most recently amended by BGBl. 1 No. 137/2001

Date Statute entered into force: 20020101

Text

Service of foreign documents in Austria

Section 12. (1)  Service of documents of foreign authorities in Austria shall be effected according to existing international agreements; if no such agreements exist, service shall be effected according to this Federal Statute. However, a request to comply with a certain procedure that differs from the same may be followed if such a service is compatible with the principles of the Austrian legal system.

(2)  Service of a foreign, foreign-language document to which no, and in court proceedings no certified, German translation is attached shall only be admissible if the addressee is willing to accept the same; this shall be assumed if, within three days, he does not state vis-à-vis the authority which served the document that he is not willing to accept the document; this period shall commence upon service and cannot be extended.

(3)  If the statement defined in para (2) is delayed or inadmissible, it shall be rejected; otherwise the authority shall document that service of the foreign-language document is to be regarded as not effected due to the addressee's lack of willingness to accept the same.

(4)  Unless international treaties provide otherwise, the following conditions shall, in addition, apply to service of documents of foreign authorities in administrative matters:

1. Documents shall only be served if it is warranted that the requesting state would comply with an equivalent Austrian request. Existence of reciprocity can be seen from international treaties that do not fall under Art. 50 B-VG [Federal Constitution Act].

2. For the rest, the European Convention on the Service Abroad of Documents relating to Administrative Matters, BGBl. No. 67/1983, and the declarations made by the Republic of Austria in accordance with such Convention shall be applied accordingly.

A-1

<u>Translation from German</u>

Author

*Federal Ministry of Justice*

Ministerial Order

<u>JMZ 20188/1/II/97</u>

Title

Ministerial Order dated October 24, 1997 on international judicial aid and other international legal relations in civil matters

Text

Second Part

Judicial Aid at the Request of Foreign Authorities

Definition

Section 15. Letters rogatory as defined by this Part shall mean requests of foreign authorities for

(a) service,

(b) other actions, for example, taking of evidence, informing or notifying of parties, provision of files or documents, information from files that falls into the scope of operation of the national courts in charge of exercising jurisdiction in civil matters (judicial aid in the narrower sense).

Service of foreign-language documents

Section 16. (1) In case of requests for service of foreign-language documents to which no properly certified translations into the German language are attached special consideration

shall be given to the addressee's right to refuse acceptance (Section 12 para 2 Statute on Service of Process, BGBl. [Federal Law Gazette] No. 200/1982, GeoForm. 44 and 45).

(2) Notice of a documentation as per Section 12 para 3 of the Statute on Service of Process shall be addressed to the requesting foreign authority (GeoForm. 46); as to transmission Section 19 para 1 applies.

Service of foreign decisions in matrimonial matters

Section 17. In case of service of foreign decisions in matrimonial matters the addressee shall be informed that, pursuant to Section 24 para 1 of the 4th Implementing Regulation to the Marriage Act [4. DVOEheG] (except in the cases of Section 24 para 4 of the 4. DVOEheG), such a decision is effective in Austria only if the Federal Ministry of Justice has ascertained that the statutory requirements for a recognition are fulfilled.

2

A-3

Translation from German

| Court | Date |
|-------|------|
| OGH [Austrian Supreme Court] | 20010611 |

Court Ref. No.

8ObA201/00t

Header

In labor and social law matters, the Supreme Court, through the Presiding Judge of the Supreme Court, Dr. Petrag, as presiding judge, and the Judges of the Supreme Court, Dr. Langer and Dr. Rohrer, as well as the expert lay judges, Mr. Kurt Retzer and Mr. Gunter Krainhoefner, as additional judges in the labor law matter of Plaintiff Roswitha W*****, represented by Dr. Hildegard Hartung, attorney-at-law in Vienna, versus Defendant, United States of America (US Embassy in Vienna, 1090 Vienna, Boltzmanngasse 16, Attn.: US Department of Justice Civil Division/Foreign Litigation Office attention Director David Epstein, 1100 L Street, N.W., Room 11006, Washington, DC 20030) regarding ATS 638,596.41 plus ancillary expenses, has made the following

decision

as a result of Plaintiff's appeal [*Revisionsrekurs*] against the decision of *Oberlandesgericht Wien* [Regional Appeal Court Vienna] as court for labor and social matters dated May 22, 2000, GZ [court ref. no.] 8 Ra 123/00t-28, which upheld the decision of *Arbeits- und Sozialgericht Wien* [Court for Labor and Social Law Matters Vienna] dated March 23, 2000, GZ 9 Cga 88/98w-24, which had been rendered as a result of Defendant's appeal [*Rekurs*]:

Decision

The appeal is not allowed.

Plaintiff has to bear the cost of her unsuccessful appeal herself.

A-4

Text

Reasons:

By means of the present action Plaintiff claimed from Defendant, the United States of America, ATS 638,596.41 plus ancillary expenses and stated that she had been employed with Defendant's Embassy in Vienna and, due to the extraterritorial status of her employer, she had been obliged, according to Section 53 para 3 letter (a) ASVG [Austrian Statute on General Social Security], to pay social security contributions (employer's and employee's portion); Defendant had been contractually obliged to reimburse her 55 % of the total contribution payments. She claimed that the statement of claim be served on the US Department of Justice Civil Division/Foreign Litigation Office attention Director David Epstein.

By letter dated April 8, 1999 the court of first instance asked the Federal Ministry of Justice to forward the statement of claim including a certified translation thereof into the English language as well as the summons to the hearing on June 29, 1999, 9:00 hours, room I, 1st floor of *Arbeits- und Sozialgericht Wien* for an authorized person to accept the statement of claim and the summons to the hearing. A translated service slip was attached.

Nobody appeared for Defendant at the hearing on June 29, 1999. Counsel for Plaintiff asked for rendering of a default judgment. For lack of evidence of service the court retained the rendering of a default judgment until October 10, 1999.

On July 5, 1999, the Federal Ministry of Justice sent the court of first instance a diplomatic note of the Austrian Embassy in Washington dated June 15, 1999, which had been served via the Federal Ministry of Foreign Affairs, saying, "that the present letters rogatory to the US Department of Justice had been forwarded via the Department of State. A report will be given on whether service would be successful."

On January 14, 2000, the Federal Ministry of Justice forwarded the notification from the Federal Ministry of Foreign Affairs, which referred to the enclosed report of the Austrian Embassy in Washington, according to which "also the present request for service had been

2

A-5

served as per the instructions and was provably in the area of responsibility of the DOS." The facsimile note of the Austrian Embassy in Washington to the Vienna Foreign Office dated October 5, 1999 regarding "litigation Roswitha W***** vs. United States of America regarding ATS 1,373,426 and ascertainment (regarding another action of Plaintiff against Defendant) and ATS 638,596.41 of the following contents was enclosed with that notification: "As can be seen from the Book of Service the file documents no. 5.652/2/99 and 5.562/3/99 was served by a courier, i.e. the government chauffeur, on June 17, 1999 to the Department of State, division CA/OCS/EUR Mr. Tom Mayr, room 4817 (CA = consular affairs, OCS = overseas citizens service, EUR = Europe, person in charge: Tom Mayr). It was received by the receiving office of the Department of State but the signature is illegible. Although the Embassy periodically asks for processing of the present request for service, the US authorities already stated in the past that they do not issue written confirmations of receipt."

On February 9, 2000, the Federal Ministry of Justice returned the present letters rogatory as unfinished. The enclosed letter of the Federal Ministry of Foreign Affairs dated January 25, 2000 showed that the US authorities in charge do not comply with the request for service due to the reasons stated in the enclosed note from the State Department. Through a letter from the Austrian Embassy in Washington dated December 28, 1999 (copy enclosed) the Federal Ministry of Foreign Affairs had been informed that the US authorities in charge had not been able to comply with the request for service for the reasons given in the note of the US Department of State, a copy of which was attached. By the cover sheet in English the Department of State informed the US Embassy in Vienna to the effect that the US Embassy in Vienna, by a diplomatic note dated June 11, 1996, had already informed the Ministry of Foreign Affairs that the government of the United States claimed immunity in any litigation brought by the plaintiff W*****. For that reason the Department of State returned the enclosed documents to the Embassy.

Also enclosed was a letter from Thomas H. Mayr dated October 21, 1999, to David Epstein, Department of Justice, on whom service of the statement of claim had been requested. The letter refers to the letters rogatory submitted by the court of first instance and Mr. Mayr requests to be informed about any step that will be taken by the Department of Justice in this

*A-6*

matter, with reference to the two enclosed copies of the request letter of *Arbeits- und Sozialgericht Wien* including cover documents and copies in an English translation.

Upon returning of the letters rogatory and the mentioned letter, the court of first instance dismissed Plaintiff's petition dated June 29, 1999 for rendering of a default judgment and mainly gave the reason that there was the assumption that the statement of claim and the summons to the hearing had actually been received by the authorized addressee and that only acceptance had been denied, however, such assumption was not at all substantiated sufficiently. Consequently, there was no sufficient evidence of personal service of the statement of claim and summons to the hearing in question on Defendant or a person authorized to receive such service on the part of Defendant.

The court of appeal did not allow Plaintiff's appeal [*Rekurs*] and, from the legal point of view, explained that, according to Section 11 para 1 *Zustellgesetz/ZustG* [Austrian Statute on Service of Process], service abroad was to be effected according to existing international agreements or in the way which the laws or other statutory provisions of the state where service is to be effected or which international practice allowed, if necessary with the assistance of the Austrian representative authorities. Paragraph 2 of the said provision provided that for effecting service on foreigners (which also included foreign states) or international organizations entitled to privileges and immunity under international law, the services of the Federal Ministry of Foreign Affairs should be made use of.

If, as between Austria and the United States, there was no international treaty, the statutory provisions of the state were to be applied where service was to be effected. In those cases service would normally be effected by way of letters rogatory (Gitschthaler in Rechberger ZPO2, Section 87 ZPO [Austrian Code of Civil Procedure], Section 11 *ZustG*, Rz [marginal note] 1).

In the present case, one could assume that the "request for service" including the documents to be served had been in the sphere of control of the Department of State. The fact that the letters rogatory would not be complied with had been made absolutely clear. Even if one wanted to assume - in view of the fact that the legal personality asked for judicial aid, i.e. the

4

*A-7*

"United States of America", was the same person as the one to which the statement of claim and the summons to the hearing was addressed - these prerequisites were not met here. Plaintiff herself had petitioned for service of the statement of claim on the Department of Justice, attention David Epstein. That government authority was responsible for representation of the United States in private law matters. It may be true that the Department of State was in charge of processing of letters rogatory, which was not to be checked in detail here, but accepting of a statement of claim would obviously have to be effected by the authority authorized to represent the state in private-law matters, because such an acceptance constituted an "actio iure gestionis". Accordingly, only the Department of Justice was in charge of accepting the statement of claim and the summons.

It had not been evidenced that the Department of Justice had received the statement of claim and the summons to the hearing fixed for June 29, 1999. The letter from Tom Mayr of the Department of State to David Epstein of the Department of Justice, to which Plaintiff referred, was dated October 21, 1999, so that it was not clear whether this had been a proper service of process. Rendering of a default judgment was subject to service of the summons before the date fixed for the hearing, and this was exactly what could not be seen from the contents of the file, which meant that the dismissal of the petition for rendering of a default judgment had been rightful. There was no "refusal of acceptance" (Section 20 ZustG) either, because that would be subject to an effective service, but service was ineffective in any case because the summons had not been served on time; cure (Section 7 ZustG) was not applicable either because cure could have occurred only a long time after the date of the hearing.

The court of appeal did not share Plaintiff's opinion that the processing of letters rogatory concerning service of process did not constitute an act of state because otherwise the danger existed that a country could block proceedings initiated against it already at the stage of serving the statement of claim by denying "judicial aid". It was true that such doubts had been uttered by academics (Schreuer, ÖJZ 1991, 41 et seq.); however, they were not convincing compared to the statements contained in the decision of the Supreme Court dated February 14, 1963, 5 Ob 343/62 = SZ 36/26. Even if Defendant at the same time was the state from which judicial aid was requested and if such state refused to follow the letters rogatory concerning service of the statement of claim this would not constitute a delay in acceptance but a denial

5

A-8

of judicial aid. Such denial was a sovereign right of the foreign country against the exercise of which a remedy would only be possible at a diplomatic level. For the fact alone that, according to prevailing opinion (evidence at Schreuer *loc. cit.* 42) separation between state sovereignty and private sector management always depended on the assessment of the action, i.e., the act itself, and not on the motive or purpose of the action, there was no doubt that the processing of letters rogatory concerning service of process was to be seen as an act of exercising sovereign power. Even if, in a specific case, abuse could be feared there was no sufficient basis for treating service of process "on oneself" by the state requested to do so in a different way than service of process on a citizen of such state. The fact that, according to Section 11 para 2 *ZustG* the services of the Federal Ministry of Foreign Affairs was to be used when effecting service of process on foreign citizens or international organizations entitled to privileges and immunity under international law showed that special sensitivity is applied in connection with service of process on the legal personalities mentioned, apparently in order to avoid unintentional infringement of sovereign rights of states.

For lack of a valid treaty between Austria and the USA on the basis of which the latter would have undertaken only to refuse to process requests for judicial aid under special circumstances, the denial in the present case was to be accepted as an exercise of a sovereign right of the state to which the request was addressed and could not be considered equal to a refusal of acceptance. However, even if one supposed a "refusal of acceptance" such refusal could only be effected by the person (or authority) on whom service was to be effected. Since the statement of claim would have had to be served on the Department of Justice not only in accordance with Plaintiff's petition contained in her statement of claim but also due to the Department of Justice's powers of representation in private law matters and since such service of process was not, or definitely not timely, effected, a procedure as per Section 20 *ZustG* was out of the question.

These considerations applied irrespective of whether Defendant would be able to successfully refer to its immunity with regard to the substantive content of the statement of claim to be served.

The appeal [*Revisionsrekurs*] was admissible because only the rather old decision SZ 36/26 existed - concerning the problem whether a foreign state could refuse a request for service of process (letters rogatory) with reference to exercising of a sovereign right or not and that, therefore, a new opinion of the Supreme Court seemed reasonable.

**Rule of law**

Plaintiff's appeal [*Revisionsrekurs*] is admissible for the reason stated, but not justified.

Appellant basically makes the same statements as in her *Rekurs* which has already been considered comprehensively and correctly by the court of appeal. Plaintiff is not able to state new aspects, which is why reference can be made to the aforementioned statements of the court of appeal (Section 510 para 3 Code of Civil Procedure); this particularly applies to the statements of the court of appeal that rendering of a default judgment could not be considered for the fact alone that service of process on the authority authorized to receive the statement of claim (Department of Justice) prior to the date of the hearing has not been evidenced.

In addition, the following may be said with respect to the statements made in the *Revisionsrekurs*:

The court of appeal's legal opinion is correct that, also according to current international law standards, processing of letters rogatory or a refusal to do so irrespective of the substantive content of the service of process must be allocated to state sovereignty. Distinction is to be made according to the nature of the file. There can be no doubt that services of process in the course of court proceedings constitute acta iure imperii and not acta iure gestionis, since a private person cannot take an act of the same nature (Seidl-Hohenfeldern, *Völkerrecht* 317 et seq., in particular marginal numbers 1472 through 1479; Neuhold/Hummer/Schreuer, *Österreichisches Handbuch des Völkerrechts3*, marginal number 837).

The appellant's criticism of the legal situation based on Schreuer (ÖJZ 1991, 41 et seq. [esp. 48 et seq.]) does not change the fact that for a long time an international treaty concerning service of process on other states has been negotiated (according to which it could be

7

sufficient that the statement of claim is served on the respective ministry of foreign affairs); so far no such treaty has been concluded so that this issue between Austria and the United States still lacks contractual regulation. The fact that, according to national US law, the United States are represented by the Department of Justice in matters to be allocated to acta iure gestionis (cf. 9 ObA 244/90 = SZ 63/206 with further evidence concerning the employment relationship between Plaintiff and Defendant) is beyond dispute. The statement of claim must, therefore, be served on a body of the said authority having power of representation - as was rightfully petitioned by Plaintiff herself - and it is not sufficient - as is now claimed by appellant in the appellate proceedings [*Revisionsrekursverfahren*] - that it has somehow been received by a different authority competent to pass on the same [translator's note: the German text reads "request for service of process".] (Department of State). On the other hand it would not be sufficient for proceedings to be pending if a statement of claim against the Republic of Austria was received by the Ministry of Foreign Affairs but for whatever reason was not passed on to the Office of State Attorneys, being the authority in charge of representing the state in such matters.

Therefore the appeal had to be denied success.

As a consequence thereof Plaintiff has to bear the costs of her unsuccessful appeal herself (Section 40, 50 Code of Civil Procedure).

8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM MICKLE and AUTUMN, | ) ) | Case No. 02 CV 2227J     MICKLE |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **AFFIDAVIT OF GASTON GLOCK** |
| GLOCK, INC., a Georgia Corporation GLOCK Ges.m.b.H., an Austrian Corporation; and GASTON GLOCK, an individual; and DOES 1-50, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**GASTON GLOCK**, being duly sworn, deposes and says:

1.    I am over eighteen years of age, and I am qualified to make the following affidavit. I have personal knowledge of the information contained herein and it is true and correct. I submit this affidavit in support of my motion to dismiss the claims asserted against me in plaintiffs' complaint pursuant to Rules 12(b)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

2.    I received a copy of the summons, complaint and second notice of depositions by mail at my home in Austria on April 5, 2004.

3.    I am a citizen and resident of Austria.

4.    I am not, nor have I ever been, a citizen or resident of the United States of America.

5.    I do not own, nor have I ever owned, any real property in California.

6.    I do not own, nor have I ever owned, any personal property in California.

7.    I do not have, nor have I ever had, an office in California.

8    I do not have, nor have I ever had, a bank account in California.

9.    I do not have, nor have I ever had, a mailing address in California.

10.     I do not have, nor have I ever had, a telephone listing in California.

11.     I have never offered anything for sale in California.

12.     I have never purchased anything in, or from, California.

13.     I do not conduct business in California.

14.     I have never placed an advertisement in, or directed to, California.

15.     I am not, and have never been, an officer, shareholder or employee of a company that is incorporated in California, or that has its principal place of business in California.

16.     I do not have any employees in California.

17.     I do not have any family members in California.

18.     Glock Ges.m.b.H. manufactured the Glock pistol referenced in plaintiff's complaint.

19.     I did not manufacture, sell, distribute or otherwise place into the stream of commerce, the Glock pistol referenced in plaintiff's complaint.

20.     My only connection with this lawsuit is that I designed the subject Glock pistol on behalf of, and for the benefit of, Glock Ges.m.b.H.; I was an officer of defendant Glock, Inc., a Georgia corporation with its principal place of business in Georgia; and I am a shareholder of Glock Ges.m.b.H., an Austrian corporation with its principal place of business in Austria.

21.     I have never had any communications or other contact with the plaintiffs in this case.

22.     It would be a considerable burden on me to litigate in the State of California.

APR-19-2004 MON 08:19 AM G3                                                          P. 21

FURTHER AFFIANT SAYETH NAUGHT.

Dated: 15, April, 2004
Deutsch-Wagram, Austria

_____
Gaston Glock

Sworn to before me on this
15 day of April, 2004

ÖFFENTL NOTAR

3

GASTON GLOCK
Nelkengasse 3
2232 Deutsch-Wagram
Austria

Superior Court
220 West Broadway
San Diego, CA 92101
Central Division
USA

**Via registered mail**

April 14, 2004

**Case No. GIC796665**

Dear Sirs,

We herewith refer to Art. 12 of the Austrian Civil Procedure and refuse to accept service of a.m. complaint as the document is of foreign origin in a foreign language to which no certified translation into German has been attached.

Best regards

Gaston Glock

04 04 13_Sup Court_GIC796665.doc                                                        1/1

APR-19-2004 MON 08:18 AM G3                                                      P. 19

A-1

# GLOCK ●s.m.b.H.    AUSTRIA

GLOCK ●LOCK

**PERFECTION**

GLOCK Gesellschaft m.b.H., P.O.Box 9,
A-2232 Deutsch-Wagram,    Austria

Tel. +43 (0)2247 / 90300 - 0
Fax +43 (0)2247 / 90300 - 312

DWIGHT F. RITTER, ESQ.
LAW OFFICES OF DWIGHT R. RITTER
170 LAUREL STREET
SAN DIEGO, CA 92101
USA

### Via registered mail

| Ihr Zeichen your reference | Ihre Nachricht dated | Unser Zeichen our reference MKL/PDE | Deutsch-Wagram, 08-Apr-2004 |
| --- | --- | --- | --- |

<u>Case No. GIC796665</u>

Dear Sirs,

We herewith refuse to accept service of a.m. complaint as it does not comply with Austrian Civil Procedure.

Best regards

GLOCK Ges.m.b.H.

Markus Klausner                    Petra Deussner

b4.en.cs_Dwight_GIC796665.doc                    1/1

B-2



# GLOCK ●es.m.b.H.    AUSTRI●



**GLOCK** PERFECTION

GLOCK Gesellschaft m.b.H., P.O.Box 9,          Tel. +43 (0)2247 / 90300 - 0
A-2232  Deutsch-Wagram,       Austria          Fax +43 (0)2247 / 90300 - 312

Superior Court
220 West Broadway
San Diego, CA 92101
Central Division
USA

**Via registered mail**

| Ihr Zeichen<br>your reference | Ihre Nachricht<br>dated | Unser Zeichen<br>our reference<br>**BGL/PDE** | Deutsch-Wagram,<br>14-Apr-2004 |
|---|---|---|---|

**Case No. GIC796665**

Dear Sirs,

We herewith refer to Art. 12 of the Austrian Civil Procedure and refuse to accept service of a.m. complaint as the document is of foreign origin in a foreign language to which no certified translation into German has been attached.

Best regards

GLOCK Ges.m.b.H.

Brigitte Glock                    Petra Deussner

pa file : *G_Supe Court_GIC796665.doc                                    1/1

C-3

GASTON GLOCK
Nelkengasse 3
2232 Deutsch-Wagram
Austria

DWIGHT F. RITTER, ESQ.
LAW OFFICES OF DWIGHT R. RITTER
170 LAUREL STREET
SAN DIEGO, CA 92101
USA

Via registered mail

April 14, 2004

Case No. GIC796665

Dear Sirs,

We herewith refer to Art. 12 of the Austrian Civil Procedure and refuse to accept service of a.m.
complaint as the document is of foreign origin in a foreign language to which no certified
translation into German has been attached.

Best regards

Gaston Glock

1/1

APR-19-2004 MON 08:18 AM G3                                D-4                    P. 18